# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1969V

|  |  |
|---|---|
| DAWN FELTON,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 29, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, PC, Woodbridge, IL, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 23, 2020, Dawn Felton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccine administered to her on September 18, 2020. Petition, ECF No. 1. On November 4, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,832.92 (representing $53,127.10 for fees and $705.82 for costs). Petitioner's Application for Fees and Costs filed Nov. 14, 2024, ECF No. 52. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at ¶ 10.

Respondent reacted to the motion on November 19, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner did not file a reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Mr. Svitak and Patrick Anderson (an associate at the firm) are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $286.60.**[4]

Regarding the number of hours billed, there are multiple entries from Mr. Svitak and Mr. Anderson in which the time appears excessive. For example, Mr. Anderson spent 0.7 hours preparing the documentation needed for him to temporarily enter his appearance as attorney of record on March 1, 2021, and 0.3 hours drafting a notice of intent to continue in the program – an extremely basic document consisting of one sentence, on August 23, 2021. ECF No. 52-2 at 18, 23. Furthermore, Mr. Svitak and Mr. Anderson spent almost three hours, from January 2021 to January 2022, filing seven motions requesting additional time to provide the required medical records, which arguably should have been obtained prior to the claim's filing.[5] ECF No. 52-2 at 14, 16-17, 20, 22-23. And Mr. Svitak expended twice the time normally needed to review basic documents on June 23, 2023, and October 18, 2023. *Id.* at 6, 8. These tasks should not

---

[3] These entries, drafting basic documents such as an exhibit list, notice of filings, statement of completion, joint notice not to seek review, and election to accept judgment are dated as follows: 12/23/20, 11/18/21, 1/212/1/22, 4/6/22, and 4/25/22. ECF No. 52-2 at 10-11, 13, 15-16, 23.

[4] This amount consists of ($280 - $168) x 0.2 hrs. + ($315 - $172) x 0.4 hrs.+ ($315 - $177) x 1.5 hrs. = $286.60.

[5] The Petition in this case was filed only three months post-vaccination, and thus 27 months prior to the expiration of the Vaccine Act's statute of limitations. Section 16(a)(2) (the applicable Vaccine Act's statute of limitations). Because the claim was initiated so quickly, Petitioner was unable to establish six-months severity until three months after the claims' initiation. *See* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement for all vaccine claims).

have required the amount of time billed, especially at an attorney's hourly rate. **Deducting the time I have found to be excessive reduces the amount of fees to be awarded by $1,090.50.**[6]

Finally, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report, filed Sept. 19, 2023, ECF No. 41 (reporting the parties' dispute regarding pain and suffering); Petitioner's Brief Regarding Damages, filed Dec. 4, 2023, ECF No. 43; Petitioner's Reply Brief Regarding Damages, filed Feb. 1, 2024, ECF No. 45; Minute Entry, dated Oct. 25, 2024 (for Oct. 25, 2024 expedited hearing). Petitioner's counsel expended approximately 38.7 hours drafting the damages brief and 5.4 hours drafting the reply damages brief, for a combined total of 44.1.[7] ECF No. 52-2 at 2-6.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. *See,* e.g., ECF No. 52-2 at 7 (entry dated 7/18/23 – 2.0 hours expended researching damages during informal discussions). Nor am I counting time spent preparing for and participating in Motions Day, communicating with Petitioner, and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 2 (entry dated 10/24/24), 4 (entry dated 11/29/23).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[8] in which attorneys have accomplished this task in about half the time.[9]

---

[6] This amount consists of ($315 x 3.1 hrs.) + ($380 x 0.3 hrs.) = $1,090.50.

[7] This total is calculated as follows: 33.3 hours billed on 11/29/23 (15 entries), 11/29/23 (nine entries), 11/30/23 (four entries), 12/1/23 (four entries), and 12/3/23 (nine entries), by Nathan Marchese at a rate of $450; 4.5 hours billed on 12/3/23 and 12/4/23, by Johnathan Svitak at a rate of $380; and 5.4 hours billed on 1/18/24 (two entries) and 2/1/24 (entries), by Johnathan Svitak at a rate of $410. ECF No. 52-2 at 2-6.

[8] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[9] *See,* e.g., *Wirges v. Sec'y of Health & Hum. Servs.*, No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tracy v. Sec'y of Health & Hum. Servs.*, No. 20-1312V (Dec. 27, 2024) (12.5 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tappendorf v. Sec'y of Health & Hum. Servs.*, No. 20-1592V (Dec. 27, 2024) (14.1and 7.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of Health & Hum. Servs.*, No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health*

4

Of course, having prevailed in this case, a fees award is generally appropriate. Damages Decision, issued Nov. 4, 2024, ECF No. 48. However, the only disputed issue was the appropriate amount of compensation for Petitioner's past pain and suffering. *Id.*

---

*& Hum. Servs.*, No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *M.F. v. Sec'y of Health & Hum. Servs.*, No. 21-0970V (Nov. Apr. 9, 2024) (13 and 7.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Axelrod v. Sec'y of Health & Hum. Servs.*, No. 21-0980V (Mar. 29, 2024) (11.9 and 12.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Benz v. Sec'y of Health & Hum. Servs.*, No. 21-1197V (Mar. 26, 2024) (19.5 and 6.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.*, No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Glanville v. Sec'y of Health & Hum. Servs.*, No. 19-1973V (Mar. 26, 2024) (8.7 hours billed for drafting a damages brief); *Stokes v. Sec'y of Health & Hum. Servs.*, No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.*, No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.*, No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Jackson v. Sec'y of Health & Hum. Servs.*, No. 20-0051V (Feb. 5, 2024) (15.4 and 7.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

at 2. Although parties' proposed amounts differed by almost $60,000.00, I awarded an amount much closer to that advocated by Respondent - further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the higher figure was not adequately defended). *Id.* at 2, 5. And the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 44.1 hours, or $19,251.00)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $5,775.30.**[11]

## ATTORNEY COSTS

Petitioner requests $705.82 in overall costs and has provided receipts for all expenses. ECF No. 52-4. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$46,680.52 (representing $45,974.70 for fees and $705.82 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

---

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (33.3 hrs. x $450 x .30) + (5.4 hrs. x $380 x .30) + (5.4 x $410 x .30) = $5,775.30.

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master